

**James A. BROWN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5135.

United States Court of Appeals,
Federal Circuit.

Nov. 20, 2003.

ON MOTION

PAULINE NEWMAN, Circuit Judge.

*ORDER*

James A. Brown moves for leave to proceed in forma pauperis (IFP). We treat Brown's submission as a motion for reconsideration of the court's October 16, 2003 order dismissing his appeal for failure to pay the filing fee.

Brown is presently incarcerated. Pursuant to the Prisoner Litigation Reform Act of 1995, this court may not authorize the prosecution of an appeal by a prisoner without the prepayment of fees. 28 U.S.C. § 1915. A prisoner is no longer afforded the alternative of proceeding without payment of filing fees, but must, in time, pay the $105 filing fee in its entirety. When funds exist, an initial partial payment must be made consisting of 20 percent of the greater of (a) the average monthly deposits to the prisoner's account or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(b)(1). Thereafter, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency with custody of the prisoner must forward payments from the prisoner's account each time the amount in the account exceeds $10 until the $100 filing fee is paid in full. *Id.*

Brown has filed a supplemental in forma pauperis form for prisoners authorizing the disbursement of funds from his prison account to pay the court's $100 filing fee. We note that the court has already received an initial partial payment of $25.

Accordingly,

IT IS ORDERED THAT:

(1) Brown's motion for reconsideration is granted. The court's October 16, 2003 dismissal order is vacated, the mandate is recalled, and the appeal is reinstated.

(2) Brown's motion for leave to proceed in forma pauperis is denied.

(3) The United States' brief is due within 21 days of the date of filing of this order.

**John HALL, Sr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 03–3290.

United States Court of Appeals,
Federal Circuit.

Nov. 20, 2003.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit

Rule 52(a)(1) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Rafael R. VILLAFLOR, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 03-3294.**

United States Court of Appeals, Federal Circuit.

Nov. 20, 2003.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**SCHERING CORPORATION, Plaintiff–Appellant,**

v.

**PERRIGO COMPANY and L. Perrigo Company, Defendants–Appellees.**

**No. 03-1029.**

United States Court of Appeals, Federal Circuit.

Nov. 20, 2003.

Before NEWMAN, MICHEL, and BRYSON, Circuit Judges.

ON MOTION

NEWMAN, Circuit Judge.

ORDER

Perrigo Company and L. Perrigo Company move to lift the stay of the briefing schedule in 03–1029 and enter judgment, based on our recent decision in *Schering Corp. v. Geneva Pharmaceuticals,* 02–1540 et al., and to consolidate this case with those previously decided appeals. Perrigo states that Schering Corporation does not oppose.

Perrigo's motions to lift the stay and enter judgment are proper, based on the earlier disposition. However, we note that the mandate has issued in the previously decided appeals, 02–1540 et al. Thus, consolidation with those appeals is inappropriate.

Accordingly,

IT IS ORDERED THAT: